# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| LIBERTY PROPERTY LIMITED PARTNERSHIP, <br><br> Plaintiff, <br><br> v. <br><br> PROCRAFT CABINETRY, INC., <br><br> Defendant/Third-Party Plaintiff, <br><br> v. <br><br> HUI "SOPHIA" CHEN and JIAN "JACK" HUANG, <br><br> Third-Party Defendants. <br><br> v. <br><br> QIANG HUANG ("PETER HUANG"), and MIN HUA LIN ("JACKEY LIN"), <br><br> Third-Party Defendants. | Civil Action File <br> No.: 1:19-cv-02830-MLB |

## THIRD-PARTY DEFENDANTS' ANSWER
## TO THIRD PARTY COMPLAINT

Comes Now, Third-Party Defendants, Hui "Sophia" Chen ("Sophia"), and Jian "Jack" Huang ("Jack"), by and through the undersigned counsel, and files this Answer to Plaintiff Liberty Property Limited Partnership's Amended Complaint.

## ANSWER

1

## AFFIRMATIVE AND OTHER DEFENSES

Third-Party Defendants hereby set forth separate and distinct defenses, in the alternative to and without waiving any additional defenses herein or which may hereafter be pled.  Third-Party Defendants reserve the right to raise additional affirmative defenses and other defenses as may be established during discovery and by the evidence in this case.  Without waiving, limiting, or otherwise affecting the Affirmative Defenses and Responses in their Answer to the Third-Party Plaintiff, ProCraft Cabinetry, Inc.'s Complaint, Third-Party Defendants hereby answers Plaintiff, Liberty Property Limited Partnership's Amended Complaint as follows:

1.      Admitted.

2.      Admitted.

3.      Admitted.

4.      Admitted.

5.      Admitted.

6.      Admitted.

7.      Paragraph 7 of the Amended Complaint is explanatory and does not require Third-Party Defendants to either admit or deny.

8.      Admitted.

9.     Admitted.  Third-Party Defendants would re-assert that Jack was an officer of ProCraft and had authority to sign the lease referred to in Paragraph 9.

10.     Admit that Exhibit A is a copy of the Original Lease.

11.     Admitted.

12.     Denied.  ProCraft is the proper tenant under the Original Lease.

13.     The Original Lease is attached, and the written document speaks for itself as to its contents and legal effect; all allegations inconsistent therewith are denied by Third-Party Defendants.

14.     The Original Lease was signed by Jack Huang on behalf of ProCraft while acting within his scope of authority.  The Original Lease is attached, and the written document speaks for itself as to its contents and legal effect; all allegations inconsistent therewith are denied by Third-Party Defendants to the extent that Paragraph 14 calls for a legal conclusion or interpretation as to the legal effect of the Original Lease.

15.     The Original Lease was signed by Jack Huang on behalf of ProCraft while acting within his scope of authority.  The Original Lease is attached, and the written document speaks for itself as to its contents and legal effect; all allegations inconsistent therewith are denied by Third-Party Defendants to the extent that Paragraph 15 calls for a legal conclusion or interpretation as to the legal effect of the Original Lease.

16. The Original Lease was signed by Jack Huang on behalf of ProCraft while acting within his scope of authority. The Original Lease is attached, and the written document speaks for itself as to its contents and legal effect; all allegations inconsistent therewith are denied by Third-Party Defendants to the extent that Paragraph 16 calls for a legal conclusion or interpretation as to the legal effect of the Original Lease.

17. The Original Lease was signed by Jack Huang on behalf of ProCraft while acting within his scope of authority. The Original Lease is attached, and the written document speaks for itself as to its contents and legal effect; all allegations inconsistent therewith are denied by Third-Party Defendants to the extent that Paragraph 17 calls for a legal conclusion or interpretation as to the legal effect of the Original Lease.

18. The Original Lease was signed by Jack Huang on behalf of ProCraft while acting within his scope of authority. The Original Lease is attached, and the written document speaks for itself as to its contents and legal effect; all allegations inconsistent therewith are denied by Third-Party Defendants to the extent that Paragraph 15 calls for a legal conclusion or interpretation as to the legal effect of the Original Lease.

19. The Original Lease was signed by Jack Huang on behalf of ProCraft while acting within his scope of authority. The Original Lease is attached, and the

written document speaks for itself as to its contents and legal effect; all allegations inconsistent therewith are denied by Third-Party Defendants to the extent that Paragraph 15 calls for a legal conclusion or interpretation as to the legal effect of the Original Lease.

20.    Admitted.

21.    Admit that Exhibit B is a copy of the Additional Lease.

22.    Admitted that Sophia, in her capacity as an officer of ProCraft signed the Additional Lease on behalf of ProCraft.

23.    Admitted that Sophia had the authority to sign the Additional Lease on behalf of ProCraft.

24.    Admitted.

25.    Denied.

26.    The Additional Lease was signed by Sophia Chen on behalf of ProCraft while acting within his scope of authority.  The Additional Lease is attached, and the written document speaks for itself as to its contents and legal effect; all allegations inconsistent therewith are denied by Third-Party Defendants to the extent that Paragraph 26 calls for a legal conclusion or interpretation as to the legal effect of the Original Lease.

27.    The Additional Lease was signed by Sophia Chen on behalf of ProCraft while acting within his scope of authority.  The Additional Lease is

attached, and the written document speaks for itself as to its contents and legal effect; all allegations inconsistent therewith are denied by Third-Party Defendants to the extent that Paragraph 27 calls for a legal conclusion or interpretation as to the legal effect of the Original Lease.

28. The Additional Lease was signed by Sophia Chen on behalf of ProCraft while acting within his scope of authority. The Additional Lease is attached, and the written document speaks for itself as to its contents and legal effect; all allegations inconsistent therewith are denied by Third-Party Defendants to the extent that Paragraph 28 calls for a legal conclusion or interpretation as to the legal effect of the Original Lease.

29. The Additional Lease was signed by Sophia Chen on behalf of ProCraft while acting within his scope of authority. The Additional Lease is attached, and the written document speaks for itself as to its contents and legal effect; all allegations inconsistent therewith are denied by Third-Party Defendants to the extent that Paragraph 29 calls for a legal conclusion or interpretation as to the legal effect of the Original Lease.

30. The Additional Lease was signed by Sophia Chen on behalf of ProCraft while acting within his scope of authority. The Additional Lease is attached, and the written document speaks for itself as to its contents and legal effect; all allegations inconsistent therewith are denied by Third-Party Defendants

to the extent that Paragraph 30 calls for a legal conclusion or interpretation as to the legal effect of the Original Lease.

31.   The Additional Lease was signed by Sophia Chen on behalf of ProCraft while acting within his scope of authority.  The Additional Lease is attached, and the written document speaks for itself as to its contents and legal effect; all allegations inconsistent therewith are denied by Third-Party Defendants to the extent that Paragraph 31 calls for a legal conclusion or interpretation as to the legal effect of the Original Lease.

32.   The Additional Lease was signed by Sophia Chen on behalf of ProCraft while acting within his scope of authority.  The Additional Lease is attached, and the written document speaks for itself as to its contents and legal effect; all allegations inconsistent therewith are denied by Third-Party Defendants to the extent that Paragraph 32 calls for a legal conclusion or interpretation as to the legal effect of the Original Lease.

33.   The Additional Lease was signed by Sophia Chen on behalf of ProCraft while acting within his scope of authority.  The Additional Lease is attached, and the written document speaks for itself as to its contents and legal effect; all allegations inconsistent therewith are denied by Third-Party Defendants to the extent that Paragraph 33 calls for a legal conclusion or interpretation as to the legal effect of the Original Lease.

34. The Additional Lease was signed by Sophia Chen on behalf of ProCraft while acting within his scope of authority. The Additional Lease is attached, and the written document speaks for itself as to its contents and legal effect; all allegations inconsistent therewith are denied by Third-Party Defendants to the extent that Paragraph 34 calls for a legal conclusion or interpretation as to the legal effect of the Original Lease.

35. The Additional Lease was signed by Sophia Chen on behalf of ProCraft while acting within his scope of authority. The Additional Lease is attached, and the written document speaks for itself as to its contents and legal effect; all allegations inconsistent therewith are denied by Third-Party Defendants to the extent that Paragraph 35 calls for a legal conclusion or interpretation as to the legal effect of the Original Lease.

36. Third-Party Defendants believe the allegations in Paragraph 36 to be true but lacks information sufficient to admit those allegations. Therefore, Third-Party Defendants deny the allegations of Paragraph 36.

37. Third-Party Defendants are without information sufficient to either admit or deny the allegations in Paragraph 37 and therefore Paragraph 37 is denied.

38. Third-Party Defendants are without information sufficient to either admit or deny the allegations in Paragraph 38 and therefore Paragraph 38 is denied.

39. Third-Party Defendants are without information sufficient to either admit or deny the allegations in Paragraph 39 and therefore Paragraph 39 is denied.

40. Third-Party Defendants are without information sufficient to either admit or deny the allegations in Paragraph 40 and therefore Paragraph 40 is denied.

41. Third-Party Defendants are without information sufficient to either admit or deny the allegations in Paragraph 41 and therefore Paragraph 41 is denied.

42. Third-Party Defendants are without information sufficient to either admit or deny the allegations in Paragraph 42 and therefore Paragraph 42 is denied.

43. Third-Party Defendants incorporate their responses from Paragraphs 1 through 42 of their Answer as if fully set forth herein.

44. Third-Party Defendants admit that ProCraft is liable to Liberty as the tenant under the Original Lease. The remaining allegations of Paragraph 44 are denied.

45. Denied as to Third-Party Defendants. Third-Party Defendants are not a party to either lease.

46. Third-Party Defendants are without information sufficient to either admit or deny the allegations in Paragraph 46 and therefore Paragraph 46 is denied. To the extent that the Paragraph 46 alleges that Third-Party Defendants owe any money under the lease, Paragraph 46 is denied.

47.    Denied as to Third-Party Defendants.  ProCraft is the proper party to the lease.

48.    Denied as to Third-Party Defendants.  ProCraft is the proper party under the lease.

49.    Denied as to Third-Party Defendants.  ProCraft is the proper party under the lease.

50.    Paragraph 50 does not require Third-Party Defendants to either admit or deny.

51.    Denied as to Third-Party Defendants.  ProCraft is the proper party under the lease.

52.    Third-Party Defendants incorporate their responses from Paragraphs 1 through 51 of their Answer as if fully set forth herein.

53.    Third-Party Defendants admit that ProCraft is liable to Liberty as the tenant under the Additional Lease.  Third-Party Defendants deny the remaining allegations of Paragraph 53.

54.    Denied as to Third-Party Defendants.  ProCraft is the proper party under the lease.

55.    Denied as to Third-Party Defendants.  ProCraft is the proper party under the lease.

56.    Denied as to Third-Party Defendants.  ProCraft is the proper party under the lease.

57.    Denied as to Third-Party Defendants.  ProCraft is the proper party under the lease.

58.    Denied as to Third-Party Defendants.  ProCraft is the proper party under the lease.

59.    Paragraph 59 does not require Third-Party Defendants to either admit or deny.

60.    Denied as to Third-Party Defendants.  ProCraft is the proper party under the lease.

61.    Third-Party Defendants incorporate their responses from Paragraphs 1 though 60 of their Answer as if fully set forth herein.

62.    Denied as to Third-Party Defendants.  ProCraft is the proper party under the lease.

63.    Denied as to Third-Party Defendants.  ProCraft is the proper party under the lease.

64.    Denied as to Third-Party Defendants.  ProCraft is the proper party under the lease.

65.    Denied as to Third-Party Defendants.  ProCraft is the proper party under the lease.

66.    Denied as to Third-Party Defendants.  ProCraft is the proper party under the lease.

67.    Denied as to Third-Party Defendants.  ProCraft is the proper party under the lease.

68.    Denied as to Third-Party Defendants.  ProCraft is the proper party under the lease.

69.    Denied as to Third-Party Defendants.  ProCraft is the proper party under the lease.  Further, Third-Party Defendants are without information sufficient to either admit or deny the allegations in Paragraph 69 and there the allegations in Paragraph 69 are denied.

70.    Third-Party Defendants incorporate their responses from Paragraphs 1 though 69 of their Answer as if fully set forth herein.

71.    Denied as to Third-Party Defendants.  ProCraft is the proper party under the lease.  Admit as to ProCraft as the Additional Tenant.

72.    Denied as to Third-Party Defendants.  ProCraft is the proper party under the lease.

73.    Denied as to Third-Party Defendants.  ProCraft is the proper party under the lease.

74.    Denied as to Third-Party Defendants.  ProCraft is the proper party under the lease.

75. Denied as to Third-Party Defendants. ProCraft is the proper party under the lease.

76. Denied as to Third-Party Defendants. ProCraft is the proper party under the lease.

77. Denied as to Third-Party Defendants. ProCraft is the proper party under the lease.

78. Denied as to Third-Party Defendants. ProCraft is the proper party under the lease. Further, Third-Party Defendants are without information sufficient to either admit or deny the allegations in Paragraph 78 and therefore Paragraph 78 is denied.

79. Third-Party Defendants incorporate their responses from Paragraphs 1 though 78 of their Answer as if fully set forth herein.

80. Denied as to Third-Party Defendants. ProCraft is the proper party under the lease.

81. Denied as to Third-Party Defendants. ProCraft is the proper party under the lease.

82. Denied as to Third-Party Defendants. ProCraft is the proper party under the lease.

83. Denied as to Third-Party Defendants. ProCraft is the proper party under the lease.

84.    Denied as to Third-Party Defendants.  ProCraft is the proper party under the lease.

85.    Third-Party Defendants incorporate their responses from Paragraphs 1 through 84 of its Answer as if fully set forth herein.

86.    Denied as to Third-Party Defendants.  ProCraft is the proper party under the lease.

87.    Denied as to Third-Party Defendants.  ProCraft is the proper party under the lease.

88.    Denied as to Third-Party Defendants.  ProCraft is the proper party under the lease.

89.    Denied as to Third-Party Defendants.  ProCraft is the proper party under the lease.

90.    Denied as to Third-Party Defendants.  ProCraft is the proper party under the lease.

91.    Third-Party Defendants incorporate their responses from Paragraphs 1 through 90 of its Answer as if fully set forth herein.

92.    Denied.

93.    Third-Party Defendants are without information sufficient to either admit or deny the allegations in Paragraph 93 and therefore deny those allegations.

94.    Denied.

95.    Denied.

96.    Denied.

97.    Denied.

98.    Third-Party Defendants incorporate their responses from Paragraphs 1 through 97 of its Answer as if fully set forth herein.

99.    Denied.

100.    Third-Party Defendants are without information sufficient to either admit or deny the allegations in Paragraph 93 and therefore deny those allegations.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Third-Party Defendants incorporate their responses from Paragraphs 1 through 104 of their Answer as if fully set forth herein.

106.    Admitted that the lease contains such quote.  Third-Party Defendants would re-assert that ProCraft is the proper party under the lease.  The Original Lease is attached, and the written document speaks for itself as to its contents and legal effect; all allegations inconsistent therewith are denied by Third-Party Defendants to the extent that Paragraph 106 calls for a legal conclusion or interpretation as to the legal effect of the Original Lease.

107. Paragraph 107 does not require Third-Party Defendants to either admit or deny.

108. Admitted that the lease contains such quote. Third-Party Defendants would re-assert that ProCraft is the proper party under the lease. The Additional Lease is attached, and the written document speaks for itself as to its contents and legal effect; all allegations inconsistent therewith are denied by Third-Party Defendants to the extent that Paragraph 108 calls for a legal conclusion or interpretation as to the legal effect of the Original Lease.

109. Paragraph 109 does not require Third-Party Defendants to either admit or deny.

110. Denied.

111. Denied.

WHEREFORE, Third-Party Defendants having answered Plaintiff's Amended Complaint, deny that they are liable to Plaintiff in any amount, and request the Court dismiss the claims against Third-Party Defendants with costs taxed against Plaintiff and any further relief this Court deems fit and proper.

## THIRD-PARTY COMPLAINT
## AGAINST QUIANG HUANG ("PETER HUANG")
## AND MIN HUA LIN ("JACKEY LIN")

Third-Party Defendant, Hui "Sophia" Chen, now takes on the role of Third-Party Plaintiff and files this Third-Party Complaint against Third-Party

16

Defendants, Qiang Huang ("Peter Huang") and Min Hua Lin ("Jackey Lin") pursuant to Federal Rule of Procedure 14(a), which authorizes the joinder of third-party defendants for the purpose of impleader, showing the court as follows:

## INTRODUCTION

1.      Sophia, individually and derivatively on behalf of ProCraft Cabinetry, Inc, asserts this Third-Party Complaint against Third-Party Defendants Peter Huang and Jackey Lin as a result of their breach of fiduciaries duty owed to Sophia as a shareholder in a close corporation.  Peter Huang and Jackey Lin owed ProCraft and Sophia a fiduciary duty and duty of loyalty which they violated by their termination of the Original Lease and Additional Lease and by their oppressive conduct.

## PARTIES

2.      Peter Huang is an individual believed to be residing in Norcross Georgia.

3.      Jackey Lin is an individual believed to be residing in Norcross, Georgia.

## JURISDICTION AND VENUE

4.      This third-party complaint is authorized pursuant to Federal Rule of Civil Procedure 14(a)(1), because any liability assessed is the responsibility of ProCraft.

17

5.     This Court has jurisdiction over each of Sophia's claims against Peter Huang and Jackey Lin pursuant to 28 U.S.C. § 1367, as each of Sophia's claims are part of the same case or controversy as Liberty's claims, ProCraft's interpleader and Sophia's interpleader.

## BACKGROUND

6.     Sophia formed ProCraft in or about January 15, 2010 by filing the formation papers with the Tennessee Secretary of State.

7.     Sophia was the sole shareholder of ProCraft until November 2014.  In November 2014, Sophia, Peter Huang and Jackey Lin signed a Shareholder's Agreement whereby transferring 20% of ProCraft shares to Peter Huang and 30% of ProCraft shares to Jackey Lin.  Sophia retained 50% of the ProCraft shares.

8.     Pursuant to the Shareholder's Agreement each party retained one (1) vote for any matters requiring a vote in ProCraft business.

9.     Pursuant to the Shareholder's Agreement, Sophia was the president of ProCraft, Peter Huang was a vice president of ProCraft and Jackey Lin was a vice president of ProCraft.

10.    Subsequent to the signing of the Shareholder's Agreement, Sophia remained in control of ProCraft, making all business decisions and entering various contracts on behalf of ProCraft.

11.    From the signing of the Shareholder's Agreement in November 2014 through approximately April 2018, Sophia continued to operate ProCraft without any input from Peter Huang or Jackey Lin.

12.    ProCraft, while under the direction of Sophia signed the Original Lease subject to this matter in or about June 1, 2017.  The Original Lease was signed by Jack in his capacity as an officer of ProCraft.

13.    ProCraft, while under the direction of Sophia signed the Additional Lease subject to this matter in or about April 1, 2018.  The Additional Lease was signed by Sophia in her capacity as an officer of ProCraft.

14.    Sophia remained in operational control of ProCraft without any input from Peter Huang or Jackey Lin until approximately October 2018.  From the time the Shareholders Agreement was signed in November 2014 through October 2018, Sophia conducted millions of dollars in transactions including the buying of inventory and equipment, without objection from Peter Huang and/or Jackey Lin.

15.    After their involvement began with ProCraft as shareholders and offices, in October 2018, Peter Huang and Jackey Lin, froze Sophia out of all ProCraft operations.  In addition, Peter Huang and Jackey Lin terminated Sophia's access to her ProCraft email account and her ProCraft computer.

16. Upon information and belief, Peter Huang and Jackey Lin cause ProCraft to terminate its leases with Liberty. Upon information and belief, the termination of the leases occurred in or around November 1, 2018.

17. The decision to terminate the Original Lease and/or Additional Lease was not discussed with Sophia.

18. Upon information and belief, a vote was never taken on ProCraft's termination of the Original and/or Additional Lease.

19. The Original Lease and Additional Lease were for warehouse space to store ProCraft inventory.

20. It is believed that prior to terminating the Original Lease and Additional Lease, Peter Huang and Jackey Lin moved all ProCraft inventory to another facility or otherwise disposed of it. Upon their takeover of ProCraft in October 2018, Peter Huang and Jackey Lin emptied the warehouses and removed all of the inventory and equipment. This was the same inventory and equipment purchased by Sophia for ProCraft. Peter Huang and Jackey Lin moved more than three million dollars ($3,000,000.00) belonging to ProCraft from the ProCraft warehouse that was subject to the Original Lease and Additional Lease to a warehouse controlled by a separate entity believed to be ProCraft Atlanta, LLC.

21.     Following the termination of the leases, Liberty brought an action against ProCraft for breach of contract of both the Original Lease and Additional Lease.

**COUNT ONE**
**Breach of Fiduciary Duty and Duty of Loyalty**
**(As to Both Peter Huang and Jackey Lin)**

22.     As shareholder and officers in a closely held corporation, Peter Huang, Jackey Lin, and Sophia owed a fiduciary duty and obligation to each other and to ProCraft, as well as a duty of loyalty to ProCraft.

23.     Peter Huang and Jackey Lin excluded Sophia from all operational decisions beginning in approximately October 2018 despite their legal and fiduciary obligations.

24.     Peter Huang and/or Jackey Lin authorized ProCraft to terminate the Original Lease and the Additional Lease.

25.     The termination of the Original Lease and Additional Lease has subjected both ProCraft and Sophia to monetary damage for liability on the said leases.

26.     Peter Huang and Jackey Lin transferred more than three million dollars of inventory owned by ProCraft which was stored in the warehouses subject to the Original Lease and Additional Lease to a separate entity believed to be ProCraft Atlanta, LLC, depriving ProCraft of the assets.

27.    Peter Huang and Jackey Lin violated their owed fiduciary duty to ProCraft and Sophia and their owed duty of care to ProCraft by terminating the Original Lease and Additional Lease.  Upon information and belief, Peter Huang and Jackey Lin made no attempt to mitigate any subsequent damages as a result of the termination of the leases.

28. Peter Huang and Jackey Lin violated their owed fiduciary duty to ProCraft and Sophia and their owed duty of care to ProCraft by removing more than three million dollars' worth of inventory owned by ProCraft from the warehouses subject to the Original Lease and Additional Lease to another facility controlled by a separate entity believed to be ProCraft Atlanta, LLC.

29.    Since October 2018, the conduct of Peter Huang and Jackey Lin has been oppressive and has caused Sophia to be "freezed" out depriving Sophia of her right to participate in the management of ProCraft as well as the right to benefit financially.

30.    The actions of Peter Huang and Jackey Lin have damaged ProCraft and Sophia by causing ProCraft to break the Originak and Additional Lease and by removing more than three million dollars ($3,000,000.00) of inventory from ProCraft.

**WHEREFORE,** Third-Party Defendant/Third-Party Plaintiff, Sophia prays as follows:

22

a.    The Court enter judgment against Third-Party Defendants Peter and Jackey on Count 1 for their violation of their owed fiduciary duty to ProCraft and Sophia and violation of their owed duty of care to ProCraft;

b.    That Third-Party Defendant/Third-Party Plaintiff recover damages in an amount equal to any damages assessed as a result of Sophia's claims against Third-Party Defendants, Peter and Jackey; and

c.    That the Court award such other relief as the Court deems fit and proper.

Respectfully submitted,

s/ Jonathan Jackson Pledger
Jonathan Jackson Pledger
Georgia Bar No.: 581855
219 Third Avenue North
Franklin, Tennessee 37064
615-479-3011 – Telephone
615-823-2937 – Facsimile
jjpledger@comcast.net

## CERTIFICATE OF COMPLIANCE

23

I hereby certify that the foregoing Certificate of Interested Persons and Corporate Disclosure Statement complies with Local Rule 5.1 and was prepared using 14-point Times New Roman font.

This 15th day of November 2019.

<u>s/ Jonathan Jackson Pledger</u>
Jonathan Jackson Pledger, Esq.
Georgia Bar No. 581855

## CERTIFICATE OF SERVICE

I hereby a true and exact copy of the foregoing Response to Third-Party Complaint was served on all parties to the above-captioned via U.S. Mail, postage pre-paid to:

John W. Jordan, Esq.
Hecht Walker, P.C.
205 Corporate Center Drive, Suite B
Stockbridge, GA 30281

Brian P. Watt, Esq.
Troutman Sanders, LLP
Bank of America Plaza, Suite 3000
600 Peachtree Street, NE
Atlanta, GA 30308-2216

Furthermore, I electronically file the forgoing Response to Third-Party Complaint with the CM/ECF e-fling system, which will automatically send email notification of such filing to the following attorneys of record:

Jon W. Jordan, Esq.
jon@hmhwlaw.com

Brian P. Watt, Esq.
Brian.watt@troutman.com

On this 15th day of November 2019.

> s/ Jonathan Jackson Pledger
> Jonathan Jackson Pledger
> Georgia Bar No.: 581855
> 219 Third Avenue North
> Franklin, Tennessee 37064
> 615-479-3011 – Telephone
> 615-823-2937 – Facsimile
> jjpledger@comcast.net

25